## Frank A. Vickers, trading as F. A. Vickers & Company, Appellee, v. W. W. Vaughan Company, Appellant.

### Gen. No. 22,685.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed March 12, 1917.

### Statement of the Case.

Action of attachment by Frank A. Vickers, trading as F. A. Vickers & Co., plaintiff, against W. W. Vaughan Company, defendant, based upon an open account for commissions as agent for the procuring of purchasers for the sale of merchandise, claiming $107. From a judgment for plaintiff for $101.15, defendant appeals.

The defendant was a nonresident. It admitted as due and tendered and paid into court $31.25. The merchandise in question was tomato catsup, for which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the plaintiff procured an order, accepted by the defendant, from a customer "subject to approval of sample of 1915 pack." The customer rejected the sample as unsatisfactory, and the order was canceled by the defendant. The plaintiff was defendant's agent in the sale of its products on commission to be paid on orders on which the goods were shipped out, but not on those canceled or not filled.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellant; PAUL REIGHARD, of counsel.

CULVER, ANDREWS & KING, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1.   SALES, § 141*—*when buyer purchasing subject to approval of sample may reject sample.* In a sale of goods subject to the buyer's approval of sample, it is not necessary that the buyer have some reasonable ground for finding the sample unsatisfactory.

2.   SALES, § 141*—*when judgment of buyer is conclusive in sale subject to approval of sample of goods.* In a sale subject to approval of sample of goods of a kind where the peculiar tastes and requirements of the trade are to be considered, *held* that the judgment of the buyer must be conclusive.

3.   PRINCIPAL AND AGENT, §.69*—*when agent not entitled to commissions.* Where an agent for the sale of his principal's goods was by his contract to receive commissions on orders shipped and not on those canceled or not filled, *held* that he would not be entitled to a commission on a sale made subject to approval of sample, where the buyer rejected the sample as unsatisfactory and the principal canceled the order.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.